IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXECUTIVE AFFILIATES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | Cause No.: 4:12-cv-00175-CEJ |
| AAF-MCQUAY INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff, Executive Affiliates, Inc., ("Plaintiff"), by and through undersigned counsel, and submits its Trial Brief in compliance with the Court's Trial Order:

### Statement of Facts

1. Plaintiff Executive Affiliates, Inc. is a Missouri corporation which owns and operates a Holiday Inn franchise, located at 2200 1-70 Drive S.W., Columbia, MO 65216 (hereinafter referred to as "Subject Property").

2. Defendant McQuay America, (hereinafter "Defendant"), is a foreign corporation doing business in the State of Missouri. Defendant is in the business of, among other things, designing, manufacturing, assembling, selling and otherwise distributing Packaged Terminal Air Conditioning ("PTAC") units.

3. Defendant sold many PTAC units to Plaintiff through the regular course of Defendant's business.

4. On or about March 2, 2011, Plaintiff owned one such McQuay PTAC unit, Model No. 09B-265 with the serial number, 2045520306384 (hereinafter "Subject PTAC unit"), which was located and installed at the Subject Property.

5. On or about March 2, 2011, the Subject PTAC unit caused a fire at the Subject Property.

6. Plaintiff sustained significant water and fire damage to the Subject Property, along with a loss of profits and other consequential damages, in the amount of $644,301.52, as a direct and proximate result of the defective and unreasonably dangerous Subject PTAC unit.

7. Defendant had knowledge of the dangerous and defective condition of the Subject PTAC unit, but failed to warn Plaintiff or recall the unit.

8. Based on the damages sustained to the Subject Property, Plaintiff filed the instant suit, alleging causes of action based on strict liability, failure to warn, negligence, breach of implied warranty of merchantability, breach of express warranty and violation of the Magnuson-Moss Act.

9. Defendant subsequently stipulated to liability arising from each cause of action pled, admitting liability for damages proximately caused by the fire; thus, the only issue requiring resolution through trial concerns the amount of damages proximately caused by Defendant's conduct.

## Legal Issues

**I.    Defendant has stipulated to Liability under each cause of action pled.**

Pursuant to Defendant AAF-McQuay's Liability Stipulation, Defendant has admitted liability under the following legal theories, which permit recovery for the damages described:

- Defendant has admitted liability for damages based on <u>Strict Liability</u>;
    - Compensatory and Consequential Damages, including Damage for Lost Profits;
- Defendant has admitted liability for damages based on its <u>Failure to Warn</u>;

- o   Compensatory and Consequential Damages, including Damage for Lost Profits;
- Defendant has admitted liability for damages based on its <u>Negligence</u>;
  - o   Compensatory and Consequential Damages, including Damage for Lost Profits;
- Defendant has admitted liability for damages based on its <u>Breach of the Implied Warranty of Merchantability</u>;
  - o   Compensatory and Consequential Damages, including Damage for Lost Profits;
- Defendant has admitted liability for damages based on its <u>Breach of an Express Warranty</u>; and
  - o   Compensatory and Consequential Damages, including Damage for Lost Profits;
- Defendant has admitted liability for damages based on its <u>Violation of the Magnuson-Moss Act</u>.
  - o   Compensatory and Consequential Damages, including Damage for Lost Profits;
  - o   Attorney's Fees

**II.   The *only* issue remaining, for resolution through trial, concerns the amount of damages sustained by Plaintiff under each legal theory pled.**

Plaintiff's claim for damages will be supported by substantial evidence and testimony offered at trial (*see Plaintiff's Witness List and Exhibit List, filed contemporaneously*).  By contrast, Defendant's truncated Rule 26(a) Disclosures wholly fail to disclose any evidence or

3

witnesses to counter the damage evidence Plaintiff intends to offer.  Thus, Plaintiff anticipates an expedited resolution of the trial, in light of the narrow issue presented and the limited amount of evidence disclosed by Defendant for presentation at trial.

Based on the legal theories pled and Defendant's admission of liability under each, Plaintiff is entitled to an award for attorney's fees and interest.   Plaintiff will submit its Motion for attorney's fees and interest to the Court for determination, following the verdict.

                            Respectfully submitted,

                            /s/ Robert W. Cockerham
                            Robert W. Cockerham  #31984
                            COCKERHAM & ASSOCIATES, L.L.C.
                            Attorneys for Plaintiff
                            911 Washington Street, Suite 211
                            St. Louis, Missouri 63101
                            (314) 621-3900
                            (314) 621-3903 (fax)
                            rcockerham@cockerhamlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2013, the foregoing was filed electronically with the Clerk of the Court and is to be served by operation of the Court's electronic filing service on the following:

Mr. Brian R. Plegge
Mr. Justin A. Hardin
Ms. Elaine Moss
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
Attorneys for Defendant
AAF-McQuay, Inc.

                            /s/ Robert W. Cockerham