UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EXECUTIVE AFFILIATES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:12-CV-175 (CEJ) |
| AAF-MCQUAY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for prejudgment interest, attorneys' fees, and litigation expenses. Defendant has responded in opposition to these motions, and the issues are fully briefed.

### I. Background

Plaintiff Executive Affiliates, Inc. brought this action against defendant AAF-McQuay, Inc., claiming that a defective air conditioning unit, designed, manufactured, and distributed by defendant, caused a fire in plaintiff's Holiday Inn hotel. Defendant stipulated to liability, and on August 13, 2013, a jury awarded plaintiff $702,852.31 in damages. Plaintiff now seeks prejudgment interest in the amount of $39,381.30, attorneys' fees in the amount of $248,734.50, and expenses in the amount of $1,435.17.

### II. Discussion

### A. Prejudgment Interest

Plaintiff claims that an award of prejudgment interest is appropriate, because the amount plaintiff demanded for settlement prior to trial ($644,301.52) was less than the sum ultimately awarded by the jury ($702,852.31). Defendant responds that plaintiff's settlement demand did not comply with the requirements of the Missouri

prejudgment interest statute, Mo. Rev. Stat. § 408.040, and therefore plaintiff is not entitled to interest.[1]

The Missouri prejudgment interest statute carves out an exception to the general rule that prejudgment interest is not allowed in tort cases. See Emery v. Wal-Mart Stores, Inc., 976 S.W.2d 439, 449 (Mo. 1998) (*en banc*). The statute provides that in tort actions, if a claimant's demand or offer for settlement is less than the amount of the judgment, then prejudgment interest will be awarded. Mo. Rev. Stat. § 408.040.2. However, the demand or offer must "(1) [b]e… sent by certified mail return receipt requested; and (2) [b]e accompanied by an affidavit of the claimant describing the nature of the claim…;" and "(4) [r]eference this section and be left open for ninety days." Id.

Plaintiff's letter to defendant does not satisfy these requirements. See Pl. Ex. 1 [Doc. #73-1]. The letter was sent by FedEx, not by certified mail return receipt requested. It was not accompanied by an affidavit, and did not reference §408.040. Finally, the offer was left open for only fifteen days. Plaintiff argues that the Court should disregard the deficiencies of the letter, as it is undisputed that defendant received the letter and the demand was clear and unambiguous. However, the Missouri Supreme Court has held that Mo. Rev. Stat. § 408.040 should be regarded as "meaning what it says," and if a plaintiff's demand letter fails to comport with the requirements of § 408.040.2, prejudgment interest must be denied. Emery, 976 S.W.2d at 449 (holding that prejudgment interest was properly denied when plaintiff's

---

[1] Because jurisdiction of this case is based on diversity of citizenship, Missouri law governs with respect to the issue of prejudgment interest. See Gibson v. Musil, 844 F.Supp. 1579, 1580 (W.D. Mo. 1994) ("The award of prejudgment interest in a diversity action is determined by the law of the state in which the action arose.").

letter was not sent by certified mail). Because plaintiff's letter was not a "demand" under § 408.040, plaintiff may not recover prejudgement interest.[2]

### B. Attorneys' Fees

Plaintiff moves for attorneys' fees and expenses pursuant to the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2310(d)(2), which allows a prevailing party to recover reasonable costs and expenses. Defendant argues that plaintiff is not entitled to fees, or, in the alternative, that the amount requested by plaintiff is excessive.

#### 1. Fee Shifting Under the MMWA

A plaintiff that prevails on an MMWA claim qualifies for an award of attorneys' fees under the MMWA's fee shifting provision. 15 U.S.C. § 2310(d)(2). Defendant argues that plaintiff is not entitled to fees because it did not prevail on its MMWA claim, and could not have prevailed on that claim as a matter of law.

Defendant stipulated to liability in this case. See Stip. [Doc. #35]. The stipulation did not limit defendant's liability to certain counts of the complaint. Therefore, the stipulation is an admission of liability on all counts of the complaint, including Count VI, the MMWA claim.[3] Defendant argues that the MMWA claim must fail as a matter of law, but that point is now moot. Plaintiff has *already* prevailed on its MMWA claim, and is entitled to an award of reasonable fees and expenses.

#### 2. Reasonable Fees and Expenses

---

[2] In its reply brief, plaintiff argues that it need not satisfy the requirements of the prejudgment interest statute because defendant stipulated to liability. Plaintiff offers no legal authority in support of this argument. However, because this point was raised for the first time in reply, the Court declines to address this argument.

[3] In fact, the Court stated at trial, "liability *on all the various theories* has been admitted." Trial Transcript, 94:18-20 (emphasis added). Defendant did not object or raise any concerns regarding the Court's characterization of its stipulation of liability.

To determine if the fees requested are reasonable, the Court looks to the lodestar method of fee calculation, which is "generally applicable to all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley v. Eckhart, 461 U.S. 424, 433 n. 7 (1983). To arrive at the lodestar figure, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. Id. at 433-34.

Plaintiff was represented by Cockerham & Associates, LLC. Lead counsel on the case was the founder of that firm, Robert W. Cockerham. Mr. Cockerham submitted detailed billing records, chronicling the work performed for his client on this matter. Cockerham & Associates expended 132.0 partner hours, 409.1 associate hours, and 68.8 paralegal hours, for a total of 609.9 hours of attorney services. Defendant does not object to specific entries of the billing report, but rather raises a general objection to the number of hours billed. Defendant protests that the number of hours expended by plaintiff's counsel was unreasonable, because the hours billed by defense counsel on this matter are significantly fewer than those billed by plaintiff's counsel. This objection is not persuasive. The quality of work produced and the results achieved by plaintiff's counsel confirm that the hours billed were reasonable and well spent. Defendant also argues that, because liability was uncontested, the effort required of plaintiff's counsel was limited. This argument is undermined by the fact that defendant stipulated to liability only after a full fourteen months of litigation. After reviewing the billing records submitted by counsel, the Court finds the hours expended by Cockerham & Associates to be reasonable.

The Court must also assess the reasonableness of the hourly rates requested by counsel. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been

litigated.'" Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002) (quoting Emery v. Hunt, 272 F.3d 1042, 1047 (8th Cir. 2001)). An attorney must "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citing Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004)).

Plaintiff seeks to recover fees at a rate of $595 per hour for Mr. Cockerham, $395 per hour for Mr. Cockerham's associates, and $125 per hour for Mr. Cockerham's paralegals. In support of these rates, plaintiff submits three affidavits: an affidavit of Mr. Cockerham, stating that he has 29 years of experience in the practice of law and has tried over 100 cases [Doc. #78-1]; an affidavit of Edward D. Robertson, Jr., a St. Louis-area attorney, attesting that this hourly rate is fair and reasonable for an attorney of Mr. Cockerham's experience and qualifications [Doc. #78-2]; and an affidavit of Dennis Pierro, the Vice President of plaintiff Executive Affiliates, Inc., stating that the customary rate plaintiff pays for legal counsel is $790 per partner hour, $545 per associate hour, and $180 per paralegal hour. [Doc. #78-3]. Plaintiff also cites to a study by *Missouri Lawyers Weekly* finding that the average billing rate for attorneys in Missouri in 2012 and 2013 was $308.00 per hour, and the average billing rate for partners in St. Louis exceeded $400.00 per hour.

Defendant contends that the hourly rates claimed by plaintiff's counsel are excessive, and points to affidavits Mr. Cockerham submitted in other cases in which he charged a significantly lower hourly rate. [Docs. #81-3; #81-4; #81-5]. These affidavits have

little probative value. They are dated several years ago, and do not reflect the current market rate. Furthermore, they reflect the rate charged by Mr. Cockerham when he was employed by a different firm. Finally, the affidavits reflect hourly rates charged for insurance company defense, in matters wholly different from the instant case. They do not assist the Court in determining a reasonable hourly rate for Mr. Cockerham's prosecution of this products liability matter in the present day, at a firm where he is the name and founding partner.

Based on the Court's own experience and knowledge of prevailing market rates, the Court concludes that the requested hourly rates are excessive. Even in the most complex commercial litigation, the Court recently awarded fees of $400 and $350 per partner hour. In re Bank of America Corp. Sec. Litig., No. 4:99-MD-1264 (CEJ), 2013 WL 3212514, at *6-7 (E.D. Mo. June 24, 2013). Considering Mr. Cockerham's skill and experience, along with the prevailing market rates, the Court finds reasonable hourly rates to be: $450 for Mr. Cockerham, $300 for his associates, and $90 for his paralegals. Accordingly, the Court will award 132 partner hours at a rate of $450 per hour; 409.1 associate hours at a rate of $300 per hour; and 68.8 paralegal hours at a rate of $90 per hour, for a total of $188,322.00 in attorneys' fees.

Plaintiff also requests $1,435.17 in court costs and litigation expenses, and has submitted supporting documentation. [Doc. #76-1; 76-2]. Defendant has raised no objection to the amount requested or items for which plaintiff requests reimbursement. The Court has examined the itemized report of expenses and finds it reasonable. Thus, this request will be granted in full.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion for prejudgment interest [Doc. #73] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys' fees and expenses [Doc. #77] is **granted**.

**IT IS FURTHER ORDERED** that counsel for plaintiff, Cockerham & Associates, is awarded attorneys' fees in the amount of $188,322.00 and expenses in the amount of $1,435.17 for a total of $189,757.17.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2013.